## Commonwealth v. Maurer

*H. R. Berninger*, District Attorney, for Commonwealth.

*E. Eugene Eves*, for defendant.

KREISHER, P. J., July 30, 1963.—The chief of police of the Borough of Catawissa lodged an information before the mayor of said borough in the following language:

"Defendant above named . . . , did unlawfully then and there operate said motor vehicle in the Borough of Catawissa in that No 'U' turns shall be made on a two-way street in a business or residence district and that no turning shall be made in violation of the directions of the signs. This is against the Peace and Dignity of the Commonwealth of Pennsylvania and Contrary to the provisions of the Act of Assembly, as set forth in sub-Section b-4, Section 1028, Article 10 of Act of 1959, P.L. 58. . . ."

Upon receipt of a notice to appear with said information attached, defendant appeared, waived a hearing and posted bond for appearance in court. Thereupon, counsel for defendant made a motion to quash the information because the above quoted language used in the information fails to specifically charge defendant with any violation of the act of assembly quoted therein. The highly technical nature of the point must be conceded; however, the truth of the point is fact. Our criminal laws must be strictly construed and all elements of doubt, omission or deficiency resolved in favor of the person charged with the commission of a crime, because the human administration of the criminal law in Pennsylvania conceals every defendant with a mantle of innocence and places the burden of proof of guilt of the defendant upon the Commonwealth to prove the defendant guilty of the alleged criminal act beyond a reasonable doubt. This burden never shifts and it exists from the very inception of the case until its final conclusion. This means that the original formal written information or complaint against the defendant must fully inform him of the precise charge against him which he will be called upon to meet.

The information must, therefore, contain the required jurisdictional facts, a statement of all essential elements of the offense and an allegation or charge that the defendant committed that precise or particular offense at a stated time and place: 10 P. L. Encyc. Criminal Law, §132.

Applying the foregoing tests to the language of the information quoted above in this case, we readily see there is no charge made against defendant, and if we endeavor to presume from the general language and nature of the paper defendant is charged with a violation of The Vehicle Code, we are confronted with the necessity of making a guess as to whether he is alleged to have made a "U" turn or some other turn "in violation of the directions of the signs."

It goes without saying that an information must charge defendant with an alleged violation of the law before he can be made to answer the charge, and if a charge is made he is not required to guess what the charge is against him, as he is entitled to be informed specifically and with particularity: Commonwealth v. Bowman, 26 Northumb. 198. The record must be clearly self-sustaining. Therefore, without further comment, we enter the following:

*Order of Court*

And now, July 30, 1963, the motion on behalf of defendant to quash the information in the above captioned case is granted. Said case is dismissed and the costs are placed upon the County of Columbia.